01

02

03

04 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
05 AT SEATTLE

06 BRIAN K. JOHNSON,                          )     CASE NO. C08-0232-RSM-MAT
                                             )
07        Plaintiff,                         )
                                             )
08        v.                                 )     ORDER GRANTING DEFENDANTS'
                                             )     MOTION TO COMPEL DEPOSITION
09 KING COUNTY JAILS, et al.,                )     RESPONSES
                                             )
10        Defendants.                        )
   _____  )

11

12        This matter comes before the Court on defendants' motion to compel deposition responses

13 and for sanctions. Defendants' motion was precipitated by plaintiff's refusal to answer questions

14 about his substantive claims and about his damages at his original deposition on September 5,

15 2008.

16        It is beyond refute that defendants are entitled to conduct discovery in this action in any

17 manner provided for in the Federal Rules of Civil Procedure and that plaintiff is required to

18 cooperate in this effort. Rule 30 of the Federal Rules of Civil Procedure expressly provides for

19 the taking of depositions by any party of any other party. *See* Fed. R. Civ. P. 30(a). A deponent

20 may refuse to answer a question put to him during the course of a deposition only when necessary

21 to preserve a privilege or in other very limited circumstances not relevant here. *See* Fed. R. Civ.

22 P. 30(c)(2).

ORDER GRANTING DEFENDANTS' MOTION
TO COMPEL DEPOSITION RESPONSES
PAGE -1

01         Plaintiff, during the course of his deposition, asserted his Fifth Amendment privilege

02 against self-incrimination as the basis for refusing to answer counsel's questions. However,

03 nothing in the record suggests that plaintiff would have incriminated himself by answering

04 counsel's questions pertaining to his substantive claims and his damages. Plaintiff therefore had

05 no right to refuse to answer counsel's questions.[1]

06         Rule 37(a)(3)(b) of the Federal Rules of Civil Procedure expressly provides that a party

07 may move for an order compelling discovery where a deponent fails to answer a questions asked

08 under Rule 30. Rule 37 also provides that when a party fails to comply with its obligations under

09 the discovery rules, the court *must* require that party to pay the reasonable expenses, including

10 attorney's fees, caused by their failure unless the failure was substantially justified or other

11 circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5) and (d)(3).

12         Based upon the foregoing, the Court does hereby ORDER as follows:

13         (1)     Defendants' motion to compel deposition responses (Dkt. No. 25) is GRANTED.

14 The discovery cutoff shall be extended for the sole purpose of allowing defendants to take

15 plaintiff's deposition. Defendants shall schedule that deposition to take place not later than

16 *October 31, 2008*.

17 _____

18     [1] Plaintiff's opposition to defendant's motion to compel was presented to the Court in the form of a motion and was therefore placed on the Court's motion calendar. (*See* Dkt. No. 27 and Dkt. No. 28 at 2.) Plaintiff's motion is more properly construed as a response to defendants'

19 pending motion and, thus, the motion is STRICKEN from the calendar. While the Court has removed the motion from the calendar, it has nonetheless reviewed the arguments presented

20 therein. Unfortunately, those arguments are difficult to understand. Plaintiff references "time constraints" in his response, but he fails to make clear how time constraints might justify the denial

21 of defendants' motion. The record reflects that defendants timely sought to take plaintiff's deposition and plaintiff failed to cooperate. Defendants should have the opportunity to complete

22 that discovery despite the fact that the discovery deadline has now passed.

ORDER GRANTING DEFENDANTS' MOTION
TO COMPEL DEPOSITION RESPONSES
PAGE -2

01        (2)      Plaintiff is directed to SHOW CAUSE by the same date, ***October 31, 2008***, why

02 sanctions should not be imposed for his failure to cooperate in the discovery process.

03        (3)      Plaintiff's motion for summary judgment (Dkt. No. 29) is STRICKEN.  Plaintiff

04 may re-file his motion once his deposition has been completed.

05        (4)      Plaintiff's motion to proceed ex parte for summary judgment (Dkt. No. 28) is

06 DENIED.  Plaintiff appears to be asking the Court to make copes of his summary judgment papers

07 and to serve those copies on defendants because plaintiff is indigent and cannot afford to make the

08 copies himself.  While plaintiff has been granted leave to proceed with this action      *in forma*

09 *pauperis*, his *in forma pauperis* status does not entitle him to have copies made at Court expense.

10 Plaintiff is responsible for making his own copies and for serving all documents on counsel for

11 defendants.  Plaintiff is advised that hand-written copies are acceptable so long as they are

12 identical in content to the original filed with the Court.

13        (5)      The dispositive motion filing deadline is extended to ***November 28, 2008***.  The

14 joint pretrial statement filing deadline is STRICKEN and will be re-set, if necessary, after any

15 dispositive motions have been ruled on.

16        (6)      The Clerk shall send copies of this Order to plaintiff, to counsel for defendants, and

17 to the Honorable Ricardo S. Martinez.

18        DATED this 10th day of October, 2008.

19

20
Mary Alice Theiler
United States Magistrate Judge

21

22

ORDER GRANTING DEFENDANTS' MOTION
TO COMPEL DEPOSITION RESPONSES
PAGE -3